IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES SWAYNE,

        Plaintiff ,

vs.                                  CIVIL NO.  09-998 JH/LFG

NIKOLA KUNDOVIC and
WINDY CITY CARRIERS, INC.,

        Defendants.

## ORDER GRANTING DEFENDANTS'
## MOTION TO STRIKE PLAINTIFF'S EXPERT WITNESS

THIS MATTER is before the Court Defendants' Motion to Strike Plaintiff's Expert Witness and to Extend Defense Expert Disclosure Deadline [Doc. 24]. The Court considered the motion, response and reply. Oral argument is not necessary.

On December 12, 2009, the Court conducted a Fed. R. Civ. P. 16 scheduling conference. At the conference, a case management plan was adopted intended to bring this case to completion within the target disposition dates contemplated by the district's Civil Justice Expense and Delay Reduction Plan ("district Plan"). The Court issued a Scheduling Order [Doc. 16] requiring Plaintiff to designate his expert witnesses and, to the extent expert reports were required, to produce the reports no later than January 18, 2010. Further, the Court granted Defendants approximately thirty days thereafter within which to identify their experts and produce their own Rule 26 expert reports.

Plaintiff failed to identify experts and produce his Rule 26 reports by the January 18, 2010 deadline. One day thereafter, however, Plaintiff served an "expert disclosure" on Defendants. The served document did not consist of an expert report, nor did it contain any opinion that an expert would present at the trial; it offered no basis for any opinion; it did not include the expert's

curriculum vitae; it did not identify the cases in which the expert testified at trial or at a deposition in the preceding four years; did not disclose the exhibits the expert would rely on; and it did not disclose the compensation being paid to the expert. Rather, Plaintiff's "expert disclosure" consisted solely of the expert's name and address.

Upon receipt of this disclosure, Defendants contacted Plaintiff on January 20, 2010 to advise him that the disclosure was not in compliance with the Court's directive or the requirements of Rule 26. Defendants requested an immediate supplementation.

Plaintiff failed to supplement the report and did not respond to Defendants' request. On January 27, 2010, Defendants sent a second letter to Plaintiff expressing concerns that the earlier "expert disclosure" was inadequate. Plaintiff acknowledged this letter and stated that he would supplement the disclosure by February 4, 2010. Plaintiff failed to file a supplement as promised, and, thus, on February 5, 2010, Defendants filed the present motion to strike.[1]

Rather than responding immediately to the motion, Plaintiff served a two-page supplement to the expert disclosure. [Doc. 36, Ex. 1.] The supplement is intended as the expert report, but it does not comply with the report requirements of Rule 26. It does not disclose the compensation being paid. Moreover, while it lists four opinions that will be offered, it does not provide the full basis for each opinion.

Plaintiff offers no response, explanation or excuse as to why a complete Rule 26 report was not served within the Court's case management deadline. Plaintiff does not explain why the "supplement" is still incomplete. Rather, Plaintiff simply states that he supplemented his expert disclosure with the expert report, and, therefore, "Defendants are not prejudiced by the timely

---

[1] A response to the motion was due no later than February 22, 2010. Plaintiff's response to the motion was not filed until February 23, 2010. No extension of the response was sought or obtained.

disclosure of Plaintiff's expert and the supplementation has been provided." [Doc. 29, p. 2.]

## Analysis

As part of effective case management, a court consults with parties and, after consideration of the parties' specific discovery needs, establishes an appropriate case management plan, imposes limits on discovery and sets firm deadlines to ensure that cases can be properly, economically and efficiently presented. The case management deadlines are intended to ensure that cases are brought to trial within proposed target deadlines adopted by the district's Plan.

In this case, it is clear that Plaintiff failed to meet the deadline, notify the Court or opposing party of any problem that prevented compliance, request additional time within which to comply, and when the tardy disclosure of the expert was made, comply with all of the requirements of Rule 26.

Fed. R. Civ. P. 26(a)(2) mandates disclosure of a party's expert and the expert's opinion. Under the Rule, it is incumbent that a detailed report be provided. The written report "shall contain" the following items:

> 1. A complete statement of all opinions to be expressed and the basis and reasons therefor;
> 2. the data or other information considered by the witness in forming the opinion;
> 3. any exhibit to be used as a summary or support for the opinion;
> 4. the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;
> 5. the compensation to be paid for the study and testimony; and
> 6. a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four year.

Beller v. United States, 221 F.R.D. 689, 693 (D.N.M. 2003) (*citing* Fed. R. Civ. P. 26(a)(2)(B)(i-vi)). In Beller, the Court stated, "These mandatory disclosure obligations are intended to further the salutary purposes of the CJRA. Advance knowledge of an opponent's proof on a claim or defense

is an invaluable aid in deciding whether to settle or litigate." Id.

It is not enough that Plaintiff now provided Defendants with the gist of his expert's opinions. The delay prejudices Defendants who were required to delay submission of their own report.

The Court is unable to conclude that the delay is harmless or that since there is "no harm, there is no foul," because Plaintiff offers no explanation as to why he was unable to comply with the Court's scheduling deadlines in a timely fashion. The absence of an explanation or excuse prevents the Court from finding excusable delay.

Accordingly, the Court determines that the report was not timely and therefore GRANTS Defendants' Motion to Strike, with the result that Plaintiff's expert, James Acock, is prohibited from offering expert testimony in this matter. Based on its ruling, the Court does not reach Defendants' alternative request that its expert deadline be extended.

IT IS SO ORDERED.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge