IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES SWAYNE,

        Plaintiff ,

vs.                                                      CIVIL NO.  09-998 JH/LFG

NIKOLA KUNDOVIC and
WINDY CITY CARRIERS, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING, IN PART, AND DENYING, IN PART,
DEFENDANTS' MOTION TO PROHIBIT OPINION TESTIMONY
BY TREATING PHYSICIANS**

THIS MATTER is before the Court on Defendants Nikola Kundovic's and Windy City Carriers, Inc.'s Motion to Prohibit Opinion Testimony by Treating Physicians Not Timely Disclosed as Expert Witnesses During Discovery, filed May 6, 2010. [Doc. 56.] The Court considered the motion and response and determines that oral argument is not necessary.

The Federal Rules of Civil Procedure impose automatic disclosure obligations on the parties. A plaintiff must identify all individuals who have discoverable information and who may be called to testify as witnesses in the prosecution of the claim; must identify all documents relevant to the controversy which will be used in the prosecution of the claim; and must provide a computation of damages.

Frequently, a plaintiff will name each and every health care mentioned in various medical reports, documents, and records.  This is so because early in the course of litigation, a plaintiff may not know who will actually be called to offer testimony at the time of the trial.  Because of the

1

limitations imposed on the numbers of depositions that are authorized under the rules, a defendant frequently waits until the expert disclosure deadline to learn which experts will actually be called in support of a plaintiff's claim, and then proceeds to take the depositions of those experts.

It is for this reason, that the Court's Scheduling Order requires that a plaintiff disclose the identity of all experts who will provide opinion testimony, whether or not the expert is a Rule 26 expert, by the expert disclosure deadline.  This failing by Plaintiff forms the basis of Defendants' motion to exclude health care providers.

It is undisputed that Plaintiff failed to make the required disclosure, and Plaintiff offers no explanation or excuse for this failing.  Instead, Plaintiff simply argues that the Motion to Exclude is premature and should be considered a Motion in Limine.  The Court disagrees.

The Court's Scheduling Order seeks to impose a practical solution on an otherwise difficult problem.  If, for example, a plaintiff identifies doctors, lab technicians, nurses, radiologists, attending physicians, consulting physicians, etc. as individuals with knowledge, a defendant is forced to guess which witness or witnesses will actually be called in the prosecution of a plaintiff's case.  For this reason, the Court requires full disclosure at the expert disclosure deadline.  That allows a defendant thirty (30) days of additional discovery to take any depositions that have not yet been taken.

In this case, notwithstanding Plaintiff's failure to identify Dr. Reeves as his expert by the expert disclosure deadline, it is undisputed that Defendants knew Dr. Reeves was a treating physician and took his deposition.  Therefore, although Plaintiff violated his obligations to Court and counsel by failing to disclose Dr. Reeves at the expert disclosure deadline, the Court perceives no prejudice to Defendants under these circumstances, and therefore, declines to strike Dr. Reeves as a witness as a discovery sanction.

However, to the extent that Plaintiff failed to identify any other health care provider by the expert disclosure deadline and if the undisclosed health care provider's deposition(s) was (were) not taken, the Court grants the motion to exclude their testimony as a discovery sanction. In sum, the Court denies Defendants' motion to exclude Dr. Reeves as a testifying expert because his deposition was taken; the Court grants the motion to exclude the testimony of any other health care provider not previously disclosed, whose deposition was not taken.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge