IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHARLES SWAYNE,

        Plaintiff ,

  vs.                                                    CIVIL NO.  09-998 JH/LFG

NIKOLA KUNDOVIC and
WINDY CITY CARRIERS, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT WINDY CITY CARRIERS, INC.'S**
**SECOND MOTION TO DETERMINE SUFFICIENCY OF PLAINTIFF'S**
**OBJECTIONS TO FIRST REQUESTS FOR ADMISSIONS**

THIS MATTER is before the Court Defendant Windy City Carriers, Inc.'s Second Motion to Determine the Sufficiency of Plaintiff's Objections to Windy City Carriers, Inc.'s First Requests for Admissions to Plaintiff Charles Swayne [Doc. 69].  The Court considered the motion, response and reply and determines that the motion is well-taken and that Plaintiff Charles Swayne's ("Swayne") objections are overruled.

The Court earlier denied Defendant's first Motion to Determine the Sufficiency of Plaintiff's Objections because the parties had not actually met and conferred on the motion in an effort to resolve the matter.  Even though Defendant tried to obtain Swayne's concurrence on the relief sought, Swayne did not respond to Defendant's inquiry, and, thereafter, Defendant filed its motion.

The Court determined that this did not constitute a good-faith effort to attempt to resolve the dispute and denied the motion to determine sufficiency without prejudice.  The Court directed that the parties meet and confer [Doc. 62] by June 16, 2010.

In compliance with the Court's June 1, 2010 directive, Defendant sent an e-mail to Swayne's counsel seeking to meet and confer. There was no response to Defendant's e-mail. [*See*, Doc. 69, Ex. A]. On June 17, 2010, Defendant called Swayne's counsel's office in a second attempt to set up the required meeting and left a voice message for him. There was no return call.

On June 18, 2010, Defendant again called Swayne's counsel's office and this time spoke with paralegal Paige Nguyen in an attempt to schedule a meet-and-confer. Numerous back and forth calls between the paralegal and Defendant occurred and a meet-and-confer was set for Wednesday, June 23, 2010 at 10:00 a.m. That meeting was confirmed by Ms. Nguyen by e-mail on June 21, 2010. Defense counsel's paralegal, Isabel Rivera, called to confirm as requested on June 22, 2010, and left a message for Ms. Nguyen to confirm that the meet-and-confer as required by the Court would go forward. No one returned the call.

On June 23, 2010, Swayne's counsel sent an e-mail to defense counsel cancelling the meet-and-confer, explaining that it was not necessary, as Swayne would not be supplementing discovery responses. [*See* Doc. 69, Ex. B]. The meet-and-confer was indeed cancelled. Thus, the parties did not meet and confer as specifically directed by the Court.

## Sufficiency of Responses

The federal rules authorize a party to serve an opposing party with written requests to admit "facts, the application of law to the fact, or opinions about either." Fed. R. Civ. P. 36(a)(1)(A). The Rule provides that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it." The Rule does authorize an answering party to assert lack of knowledge as a reason for failing to admit or deny, but only when the party states a reasonable inquiry has been made and the information it knows or can readily obtain is insufficient to enable it to admit or deny. Fed. R. Civ. P. 36(a)(4). In this case, Swayne

raised objections without complying with the requirements of the Rule.

### Request for Admission Nos. 1, 2, 5, 20 and 21.

Defendant sought to establish facts related to truck unloading procedures at the United States Post Office. The Requests for Admission concerning procedures are evidenced in Requests 1, 2 and 5. Swayne simply objected, asserting that these Requests were vague, ambiguous, and overly broad because they did not identify the "procedures" nor did they identify the "employees" referenced. Thereafter, Swayne stated that he was without sufficient information to admit or deny the Requests, and contended that he did not know which USPS procedures were being referenced.

Swayne cannot in good faith represent that he is unaware of the postal procedures and regulations applicable to truck unloading at the postal dock. Indeed, this is the very kind of information that could have been resolved at the meet-and-confer or with a simple telephone call. "That kind of cooperation and communication between and among counsel is expected." Gonzales v. Goodyear Tire & Rubber Co., No. CIV 05-941 BB/LFG, slip. op. at 6 (D.N.M. Aug. 18, 2006). Rather than call Defendant to clarify exactly what procedures were involved, if any clarification was necessary, Swayne simply objected and refused to respond as required under Rule 36.

During discovery, indeed during settlement discussions, it was clear that the procedures included the standard operating procedures for receiving and dispatching vehicles (Bates WCC 00023-00026); the Postal Employee's Guide to Safety (Bates WCC 00027 and 00038 to 000040); excerpts from Postal Employee's Guide to Safety (Bates WCC 00052, 00062 and 00083 to 00085). A reasonable party would not have been confused over what procedures were being referenced.

So, too, Swayne's protestation that he could not determine which "employees" are referenced is not credible. The only people involved in the incident were the Defendant truck driver, Swayne and the dock expediter. There is no confusion as to the term "employees" or "truck driver," and

Swayne's objection on grounds of "confusion," and refusal to respond as required under Rule 36 is rejected.

To the extent Swayne was confused, again, a simple telephone call to Defendants or participation in the meet-and-confer as required by the Court would have clarified the matter.

The Court will require Swayne to admit or deny Requests 1, 2, 5, 20 and 21 within ten days.

### Request for Admission Nos. 11, 12, 13 and 14

These Requests were intended to establish that the co-worker, Robert Archuleta (the dock expediter), did not follow USPS procedures relating to receiving shipments involved in this case. Swayne objected to the Requests contending they were vague, ambiguous and overly broad, and they did not identify the source of procedures. As above, the Court rejects Swayne's arguments.

Additionally, Swayne said that he did not have enough information to admit or deny because he did not witness what occurred first hand. This explanation is insufficient under Rule 36. There is no statement that he has made a reasonable inquiry and that the available information is insufficient to allow him to fully respond. There is a good-faith obligation to make such an inquiry and to correctly and fully respond to the request for admission.

Swayne's objections are overruled, and the Court will require full and complete admissions or denials, or justification as to why Swayne cannot admit or deny, as required under Rule 36. Requests for Admission 11, 12, 13 and 14 should be fully answered within ten days.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge